The Honorable Jim Bob Steel Prosecuting Attorney P.O. Box 548 Nashville, Arkansas 71852
Dear Mr. Steel:
This is in response to Deputy Prosecuting Attorney Randell J. Wright's request for an opinion on the distribution of leftover interest funds in the county reappraisal account. Specifically, he has enclosed a copy of a letter from the County Clerk of Sevier County which indicates that there is currently $15,778.26 of interest earnings remaining in the reappraisal fund after all expenses of reappraisal have been paid.
The clerk notes that in 1980 the county entered into a contract with a private reappraisal company to conduct a reappraisal of all property in each taxing unit in the county. The contract amount was $165,000.00. Under A.C.A. § 26-26-1306, the county would have been responsible for paying this amount. The legislature, in 1981, however, passed Act 46 of 1981 to help counties with the costs of reappraisal. The act provided for loans and grants to counties to cover the costs, and provided that each taxing unit in the county would be apportioned the cost of repaying the loans from the state in that proportion that the millage levied by each bore to the total millage levied by all taxing units in the county. See Section 4. The county asked each of the taxing units to advance some prorated funds to begin the reappraisal. Some taxing units complied and some did not. Under the authority of Act 46 of 1981, a system was put in place by the county treasurer whereby the treasurer would withhold from tax settlements a portion of the taxing units' share of the reappraisal liability. This was to take place over a five year period. Withholding from the taxing units were placed in a separate account entitled "Reappraisal Fund." This fund then monthly reimbursed the county general fund out of which loan payments to the state were made. Activity in the Reappraisal Fund has ceased, the only balance being the interest earnings, which presumptively continue to accrue.
The county clerk now seeks to disburse these leftover funds, but is unsure as to the fairest way to do so. She has asked for the Deputy Prosecuting Attorney's advice on the question, and he has fowarded the question for my opinion.
It is my opinion that there is no provision of state law which governs the question. Absent applicable state law, the county should exercise its local legislative authority, with the advice of its appointed counsel.
Any disbursement of the funds should be effected through duly adopted ordinance of the county quorum court. As to the manner of disbursement, this is a matter which should be decided by the county officials involved. The county clerk has suggested several possible alternatives for distribution, one being to disburse the funds to those taxing units which advanced funds to begin the reappraisal, and another being to distribute the funds to all taxing units upon some basis. Either way would in my opinion be lawful, the question is only which way is the fairest to the taxing units. This is a question for resolution at the local level. The question arises because in calculating each taxing unit's liability for repayment, the accumulation of interest was not considered, and in all likelihood, the actual amount could not have been predicted with any accuracy. The interest earned has the effect of reducing the actual liability of each unit, and ostensibly, should be shared by the units in some fashion.
If the county wishes to compensate those taxing units which complied with the county's request to advance funds for the reappraisal, and which thereby gave up the opportunity to collect interest on these advanced funds, it could agree on the amount of interest lost by each taxing unit and reimburse them in this amount off the top of the balance in the account. It could then, taking each of the five years one at a time, calculate the actual interest earned on the Reappraisal Fund for each year, then reduce that figure by the proportion that the initial money refunded off the top bears to the total interest earnings, and then distribute each year's interest earnings (as reduced) on the Reappraisal Fund to each taxing unit by using the same proportion by which each unit's taxing dollars were originally withheld to pay for the loans to the state.
If the county does not decide to grant the taxing units advancing funds any special compensation, it could merely disregard the first two steps above and distribute the funds based upon the percentage that each unit paid funds into the account. This decision is entirely up to the local parties involved. The discussion above is offered solely in an effort to be helpful to you.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb